**Opinion issued September 11, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00081-CR**
**NO. 01-13-00082-CR**
**NO. 01-13-00083-CR**
**NO. 01-13-00084-CR**

————————————

**ADELINA MARGARITA BANUELOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Court Case Nos. CR29761 and CR29763**

---

**MEMORANDUM OPINION**

Appellant, Adelina Margarita Banuelos, pleaded guilty to the felony offenses

of sexual assault of a child, indecency with a child by contact, second-degree

sexual performance by a child, and third-degree sexual performance by a child, without an agreed recommendation from the state regarding punishment.[1] The trial court found appellant guilty and assessed punishment at twenty years' confinement for sexual assault, indecency with a child, and second-degree sexual performance by a child and at ten years' confinement for third-degree degree sexual performance by a child, with the sentences to run concurrently. The trial court certified that this is not a plea-bargain case and that appellant has the right to appeal. Appellant timely filed notices of appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812−13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel has

---

[1] *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), 22.011(a)(2)(A), 43.25(b), (c), (d), (e) (West 2011).

also informed us that he delivered a copy of the brief to appellant and informed her of her right to examine the appellate record and to file a response.[2] *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826−27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (same). Appellant may challenge our holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[3]  Attorney Stephen Christopher Taylor must immediately send the

---

[2]  Counsel also has informed us that he has provided appellant a copy of the clerk's records and the reporter's record in these appeals.

[3]  Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).

4